NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 4, 2013[*]
Decided November 12, 2013

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-1370

EDWARD M. INGRAM,
    *Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

Appeal from the United States District Court for the Northern District of Illinois, Western Division.

No. 11 C 50364

Frederick J. Kapala, *Judge.*

### Order

Edward Ingram pleaded guilty to distributing more than 50 grams of crack cocaine. A plea bargain held out the inducement of a prosecutorial motion that would allow the court to set the sentence at two-thirds of the presumptive statutory minimum or two-thirds of the low end of the Guideline range, whichever was higher. In exchange, Ingram would assist in prosecuting other persons. The prosecutor made the motion, and the district judge imposed a sentence of 80 months' imprisonment, calculated on the be-

---

[*] Appellant filed a motion to waive oral argument. After examining the briefs and the record, we conclude that oral argument is unnecessary and grant the motion. See Fed. R. App. P. 34(a); Cir. R. 34(f).

lief that the statutory minimum was 120 months and the low end of the Guideline range 92 months. Ingram did not pursue an appeal. (One was filed but voluntarily dismissed.)

Ingram was sentenced in December 2010, four months after the Fair Sentencing Act of 2010 became law. His crime preceded the statute. Decisions of this circuit held that the new Act applied only to persons whose criminal conduct occurred on or after August 3, 2010, when the President signed the legislation. Ingram then filed a motion under 28 U.S.C. §2255, contending that his lawyer had been deficient in not doing more to achieve the application of the new statute. The district court denied that motion in light of circuit precedent. While Ingram's appeal was pending, however, the Supreme Court held that the Act and the implementing Guidelines apply to all persons sentenced on or after August 3, 2010. *Dorsey v. United States*, 132 S. Ct. 2321 (2012).

A judge of this court then issued a certificate of appealability, identifying the issue as whether Ingram's "counsel provided constitutionally inadequate assistance when he failed to preserve an argument for application of the Fair Sentencing Act, a subject that was open in the Supreme Court at the time of Ingram's sentencing." The court recruited counsel to assist Ingram. Counsel filed a motion asking the court to expand the certificate to include a statutory question: whether Ingram is entitled to the benefit of *Dorsey* without any need to show ineffective assistance. *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000), holds that a certificate of appealability may include a substantial statutory issue, if the appeal also presents a substantial constitutional issue. A judge of this court granted the motion but did not issue an amended certificate and thus did not comply with 28 U.S.C. §2253(c)(3), which requires the certificate "indicate which specific issue or issues satisfy the showing required by paragraph (2)." This panel could issue a proper certificate on its own, but that step is unnecessary.

A certificate of appealability suffices for appellate jurisdiction; shortcomings in the certificate do not affect the court's jurisdiction. *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012). In other words, §2253(c)(1) is jurisdictional, but the rest of §2253(c) is not. A certificate's failure to comply with §2253(c)(2) or (3), and the limited scope of collateral review under §2255, may create obstacles to a prisoner's success on appeal, but litigants may waive their procedural entitlements. The brief for the United States in this appeal contains such a waiver. The prosecutor informs us that the United States is not standing on technicalities and consents to a remand. That removes any procedural obstacle to relief.

The prosecutor's brief asks us to direct the district judge to decide whether *Dorsey* requires a new sentence. Yet with procedural defenses waived, that subject does not require much consideration. *Dorsey* shows that the district court erred when sentencing Ingram. That error should be corrected, and we remand for resentencing.

The formula in the plea bargain calls for a sentence of 61½ months. (The presumptive minimum under the 2010 Act is 60 months, but the low end of the Guideline range remains 92 months.) District judges are not bound by the parties' bargains, however; even when a deal calls for a determinate sentence, see Fed. R. Crim. P. 11(c)(1)(C), the judge is entitled to reject the parties' agreement. It is for the district court to decide whether, in light of the 2010 Act's application, the plea bargain should be accepted and what sentence is appropriate.

Because resentencing could make Ingram eligible for immediate release, the mandate will issue today.

VACATED AND REMANDED